UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 16-10091-GAO |
| | ) |
| BRIAN ASHLEY, | ) |
| Defendant. | ) |

### PRELIMINARY ORDER OF FORFEITURE

**O'TOOLE, D.J.**

WHEREAS, on March 31, 2016, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging defendant Brian Ashley (the "Defendant") with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), and (b)(1) (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), and (b)(2) (Count Two);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States would seek forfeiture of any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property; and the property to be forfeited includes the following:

(a) one Samsung SCHI 545 mobile phone;

(b) one Samsung SM-N920V mobile phone;

  (c) one Toshiba Laptop Computer, bearing serial number G66C0002GC10;

  (d) one HP Pavilion Desktop Computer, bearing serial number MXF7460FZY;

  (e) one MAXTOR HDD hard drive, bearing serial number Y2KTZ3KE; and

  (f) one Compaq Laptop Computer, bearing serial number 9X2AKSBZ91S2

(collectively, the "Properties");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 13, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment;

WHEREAS, during the hearing, the United States gave a recitation of the facts, and described how the Properties being forfeited contained at least one visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to

commit or to promote the commission of such offenses or any property traceable to such property;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253; and

WHEREAS, pursuant to 18 U.S.C. § 2253, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Preliminary Order of Forfeiture.

3. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice

of the United States' intent to dispose of the Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253(b), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR
United States District Judge

Dated: 4/5/2017